FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 JAN 11 PM 4:07

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

SHEILA MOTT,

Plaintiff,

v.

Case No: 8:17-CV-93-T-30 JSS

ROBERT A. MCDONALD, SECRETARY
DEPARTMENT OF VETERANS AFFAIRS,

Defendant.

_______________________________________/

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Sheila Mott, sues Defendant Robert A. McDonald, in his capacity as Secretary Department of Veterans Affairs and states as follows:

1. This is an action for damages for discriminating against Plaintiff with respect to the terms, conditions, and privileges of employment because she is an African-American woman.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, et seq. and the Civil Rights Act of 1991, 42 USC § 1981(a).

3. The Court has jurisdiction pursuant to 28 USC 1331 and 28 USC 1343(4).

4. All of the discriminatory employment practices alleged in this Complaint occurred within the Middle District of Florida.

5. All conditions precedent to bringing this action occurred.

6. Plaintiff sought EEO counseling as required by the regulations.

7. Defendant issued a Final Agency Action.

8. Plaintiff is an African American woman who resides in Tampa, Hillsborough County, Florida.

9. Defendant, Robert A. McDonald, is Secretary of the Department of Veterans Affairs, which operates a facility in Tampa, Hillsborough County, Florida.

10. Plaintiff began working for Defendant on or about November 2002.

11. In March 2011, John Harris became Plaintiff's direct supervisor.

12. Soon thereafter, Harris began exhibiting hostility towards Plaintiff.

13. Harris and Dr. James Zarinczuk held meetings with Plaintiff's subordinates where demeaning statements about the Plaintiff were made, such as calling her "cancerous" and "toxic."

TPA 041165
$400-

14. Despite Plaintiff having previously received outstanding or excellent evaluations, Harris at one point told her "you need to go. I need you gone."

15. In January, 2013, Plaintiff received a reprimand from Harris.

16. Harris and Zarinczuk sent Plaintiff harassing and threatening communications suggesting that she should no longer be employed in her position and that she needed to find a new job.

17. Harris sent Plaintiff's subordinates emails indicating that certain standards had changed. Harris did not consult with Plaintiff regarding these emails nor provide her with a copy.

18. On or about May 24, 2013, Plaintiff received a proposed 14-day suspension.

19. Eventually, Plaintiff's employment was terminated on or about January 19, 2014.

**COUNT I – RACE DISCRIMINATION**

20. Plaintiff re-alleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Defendant's conduct constitutes unlawful discrimination in the workplace based on Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

22. The terms and conditions of Plaintiff's employment were altered as a result of the foregoing behavior, including, but not limited the disciplinary action and ultimate termination.

23. Plaintiff has suffered pecuniary losses as a direct result of Defendant's discrimination.

24. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered a loss of wages and other benefits, an impairment of her employment records, emotional distress, humiliation and loss of professional standing.

WHEREFORE, Plaintiff, Sheila Mott, respectfully prays the Court to:

a. Award Plaintiff such damages as will compensate her for past future financial losses, back pay, emotional suffering, inconvenience, and mental anguish, up to the maximum extent permitted by law:

b. Award compensatory damages and other damages as permitted under Title VII and 42 USC § 1981(a);

c. Award Plaintiff such other and further relief as the court may deem just, appropriate and equitable;

d. Award fees and costs as the court may deem just, appropriate and equitable.

**COUNT II – RETALIATION**

25. Plaintiff re-alleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

26. Plaintiff engaged in protective activity under Title VII of the Civil Rights Act of 1964.

27. Plaintiff suffered an adverse employment action for engaging in activity protected by Title VII of the Civil Rights Act.

28. The aforementioned actions constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act.

29. Because of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, Sheila Mott, respectfully prays the Court to:

a. Award Plaintiff such damages as will compensate her for past future financial losses, back pay, emotional suffering, inconvenience, and mental anguish, up to the maximum extent permitted by law:

b. Award compensatory damages and other damages as permitted under Title VII and 42 USC § 1981(a);

c. Award Plaintiff such other and further relief as the court may deem just, appropriate and equitable;

d. Award fees and costs as the court may deem just, appropriate and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted on this 11th day of January, 2017.

Sheila Mott, *pro se*
P.O. Box 8962
Tampa, FL 33674
813-601-7592
Komenupp.1@gmail.com